IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-00102-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHRISTOPHER DEAN JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Johnson's Motion to Dismiss for Failure to State a Claim, filed August 18, 2011. (Doc. 4.)

## I. BACKGROUND

The Government here seeks to recover payment for unpaid federal student loans in Christopher D. Johnson's name. Taking the facts from the Complaint as true, Defendant executed promissory notes to secure loans from the Department of Education. Defendant is indebted to Plaintiff in the principal amount of $107,343.31 plus interest totaling $32,057.69 as of May 6, 2011. Defendant has defaulted on his obligation to repay the loans.

## II. STANDARD OF REVIEW

A motion filed per Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint, *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006), measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted), *Francis v.*

1

*Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1950–51 (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

### III. DISCUSSION

Defendant first cites the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as a basis for his Motion to Dismiss. The Government, however, is not subject to the requirements of the FDCPA because it is not a "debt collector" as that term defined in the Act. 15 U.S.C. § 1692a(6) ("The term 'debt collector' . . . does not include . . . any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties.")

Defendant next argues, under Regulation Z of the Truth in Lending Act, 12 C.F.R. § 226, that the Government has failed "to disclose this Defendant's rights and liabilities in the

2

Case 5:11-cv-00102-RLV -DSC   Document 8   Filed 08/10/12   Page 2 of 4

underlying transaction" (Doc. 4 at 2). This is also inapplicable, because the statute provides that loans made pursuant to a program authorized by Title IV of the Higher Education Act of 1965 are "exempted transactions." 15 U.S.C. § 1603(7). The sworn "Certificate of Indebtedness" specifically states that the loans at issue were "made by the Department under . . . Title IV, Part D of the Higher Education Act of 1965." (Doc. 1-1 at 1); *see, e.g.*, *N.Y. State Higher Educ. Servs. Corp. v. Perchik*, 677 N.Y.S.2d 871, 872 (N.Y. App. Term 1998) ("It is therefore clear that defendant, as a student borrower, is barred from asserting as an affirmative defense to this 'consumer credit transaction' failure to comply with either the consumer credit protection disclosure requirements contained in the Truth in Lending Act or state laws governing disclosure requirements.").

Defendant similarly argues that the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, provides a basis to dismiss Plaintiff's action. Defendant again claims, under the ECOA, that Plaintiff failed to "disclose this Defendant's rights and liabilities in the underlying transaction." (Doc. 4 at 2.) The ECOA protects against discriminatory acts of creditors. Defendant has not alleged any violation of ECOA, including facts which might show undue discrimination. The ECOA is not, therefore, a basis to dismiss this case.

Finally, Defendant asserts that the claim is outside the statute of limitations. There is, however, no statute of limitations regarding collection of federal student loans. 20 U.S.C. § 1091a(a); *see, e.g.*, *United States v. Simrin*, No. 4:06-68, 2008 WL 4210799, at *2 (E.D. Tenn. Sept. 11, 2008) ("Unlike most claims to recover debts, there is no statute of limitations for federal student loan collection actions.").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. 4) be **DENIED**.

Signed: August 10, 2012

*[signature]*

Richard L. Voorhees
United States District Judge

4