# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11-CV-00102-RLV-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **DEFAULT JUDGMENT** |
| CHRISTOPHER DEAN JOHNSON, | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on the Government's Motion for Entry of Default Judgment (Doc. 10) and Motion for Bill of Costs (Doc. 11).

## I. BACKGROUND

The Government here seeks to recover payment for unpaid federal student loans in Christopher D. Johnson's name. On August 10, 2012, the Court denied Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. 8.) Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant was required to file an answer or other responsive pleading within fourteen days of that Order. On September 24, 2012, on the Government's motion, the Clerk entered Defendant's default for failing to so file. (Doc. 12); Fed. R. Civ. P. 55(a).

## II. STANDARD OF REVIEW

Upon default, the well-pleaded allegations of the Complaint relating to liability are taken as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

However, Defendant, by his default, does not admit conclusions of law or that the movants are entitled to the relief they seek. *See Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (stating that a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill"). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought . . . ." *Ryan*, 253 F.3d at 780.

### III. DISCUSSION

Taking the well-pleaded facts from the Complaint as true, Defendant executed promissory notes to secure loans from the Department of Education. Defendant is indebted to the Government in the principal amount of $107,343.31 plus interest totaling $32,057.69 as of May 6, 2011, which has continued to accrue. Defendant has defaulted on his obligation to repay the loans.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Entry of Default Judgment (Doc. 10) be **GRANTED**. Default judgment is hereby entered against Defendant Johnson in the amount of $139,401.00 as of May 6, 2011, plus interest at the applicable note rates from the filing of the Government's Complaint (Doc. 1) to the date on which this Order is filed.

**IT IS FURTHER ORDERED** that the Government's Motion for Bill of Costs (Doc. 11) be **GRANTED**. The Government is hereby awarded costs in the amount of $350.00.

**IT IS FURTHER ORDERED** that interest on this Judgment accrue from the date on which this Order is filed at the determined Treasury post-judgment interest rate, computed daily and compounded annually, pursuant to 28 U.S.C. § 1961.

Signed: October 23, 2012

Richard L. Voorhees
United States District Judge